Titus County - District Clerk

Filed: 8/25/2023 2:02 PM
Marcus Carlock
District Clerk
Titus County, Texas
Sharolyn Redar

NO. 43270

| | | |
|---|---|---|
| **BATES-COOPER SLOAN FUNERAL HOME, LLP AND C.R.C. PARTNERSHIP** | § § § § | **IN THE DISTRICT COURT** |
| VS. | § § § | **TITUS COUNTY, TEXAS** |
| **WEST AMERICAN INSURANCE COMPANY, SB INSURANCE, LLC, AND SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY** | § § § § | **76TH/276TH JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW BATES-COOPER SLOAN FUNERAL HOME, LLP and C.R.C. PARTNERSHIP, hereinafter called Plaintiffs, complaining of WEST AMERICAN INSURANCE COMPANY, SB INSURANCE, LLC, and SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY, hereinafter called Defendant, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

I.

Discovery in this cause of action is intended to be conducted under Level 3 of Rule 190.4, Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

II.

Venue is proper in Titus County pursuant to Chapter 15, Texas Civil Practice and Remedies Code, in that this is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Plaintiffs' Original Petition   Page 1

A TRUE COPY of the original hereof, I certify
MARCUS CARLOCK
District Court Clerk, Titus County, Texas
This 27th of September 20 23
By _____ Deputy Clerk

Jurisdiction is proper in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of the district courts of the State of Texas.

## PARTIES AND SERVICE

### III.

Plaintiff, BATES-COOPER SLOAN FUNERAL HOME, LLP, is a domestic limited liability partnership organized under the laws of the State of Texas, engages in business in the State of Texas. Plaintiff has neither a driver's license nor a social security number. All the partners, including all general and limited partners, are domiciled in and citizens of the State of Texas.

Plaintiff, C.R.C. PARTNERSHIP, is a partnership engaged in business in the State of Texas. Plaintiff has neither a driver's license nor a social security number. All the partners, including all general and limited partners, are domiciled in and citizens of the State of Texas.

Defendant, WEST AMERICAN INSURANCE COMPANY, is a foreign insurance company doing business in the State of Texas, and may be served with process by serving its registered agent for service of process, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, by certified mail, return receipt requested, issued by the Clerk of this Court.

Defendant, SB INSURANCE, LLC, is a domestic limited liability company organized under the laws of the State of Texas, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process, Roy Stovall, at 1007 North Jefferson Avenue, Mount Pleasant, Texas 75455. Upon information and belief, all of Defendants' members are domiciled in, and are citizens of, the State of Texas.

Defendant, SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY, is a domestic limited liability company organized under the laws of the State of Texas, engages in business in the State of Texas, and may be served with process by serving its registered agent for service of process,

Roy Stovall, at 1007 North Jefferson Avenue, Mount Pleasant, Texas 75455. Upon information and belief, all of Defendants' members are domiciled in, and are citizens of, the State of Texas.

## FACTS AND CAUSES OF ACTION

IV.

Prior to December 25, 2022, Plaintiffs entered into a valid and enforceable commercial property insurance contract ("Policy") with Defendant, WEST AMERICAN INSURANCE COMPANY. Plaintiffs purchased the Policy from and through Defendants, SB INSURANCE, LLC, and/or SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY. Defendants, SB INSURANCE, LLC, and SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY, operate an insurance agency in Mount Pleasant, Titus County, Texas, conduct business in Titus County, Texas, and receive profits from residents and businesses located in Titus County, Texas.

The Policy provided, and Defendants, SB INSURANCE, LLC, and/or SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY, made affirmative representations to Plaintiffs, that in return for Plaintiffs' insurance premium payments, Defendant, WEST AMERICAN INSURANCE COMPANY, would compensate Plaintiffs for, *inter alia*, loss or damage to Plaintiffs' property (including real property and all improvements thereon), and Plaintiffs' business known as Bates-Cooper Sloan Funeral Home, located at 2805 South Jefferson Avenue, Mt. Pleasant, Titus County, Texas 75455, and the personal property therein, caused by water.

On or about December 25, 2022, a portion of said business, real property (including improvements thereon) and personal property therein were destroyed by water, resulting in substantial losses to Plaintiffs. Pursuant to the Policy, Plaintiffs made a claim to Defendant, WEST AMERICAN INSURANCE COMPANY, for fair and reasonable compensation. However, despite Plaintiffs' fulfillment of his contractual obligations, Defendant, WEST AMERICAN INSURANCE

COMPANY, denied Plaintiffs' claim and failed to provide compensation for Plaintiffs' losses to real and personal property as well as business losses. Defendant, WEST AMERICAN INSURANCE COMPANY, continues to deny Plaintiffs' claim and refuses to pay the benefit under the Policy as it is contractually obligated to do. Such denial and failure are each a material breach of contract by Defendant, WEST AMERICAN INSURANCE COMPANY.

Moreover, Defendant, WEST AMERICAN INSURANCE COMPANY, failed to reasonably investigate Plaintiffs' claim, failed to promptly pay Plaintiffs' claim or offer a fair settlement, made material misrepresentations regarding the Policy (e.g., that Plaintiffs would be compensated for damage or loss caused by water), failed to offer a reasonable explanation as to why Plaintiffs' claim was denied, and/or failed to deal with Plaintiffs in good faith or a fair manner. Such acts or omission constitute violations of the Texas Insurance Code and a breach of Defendant WEST AMERICAN INSURANCE COMPANY's common-law duty of good faith and fair dealing. Defendant WEST AMERICAN INSURANCE COMPANY's breach of contract, statutory violations, and breach of common law duty are the producing cause of Plaintiff's damages set forth more fully below.

Defendants, SB INSURANCE, LLC, and/or SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY, made material misrepresentations regarding the Policy it procured for Plaintiffs, (e.g., that Plaintiff would be compensated for damage or loss caused by water), accepted compensation from Plaintiffs in exchange for procurement of the Policy, made a profit from Plaintiffs by selling Plaintiffs a policy of insurance of which Defendants, SB INSURANCE, LLC, and/or SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY, made material representations on which Plaintiffs relied to their detriment, and which Defendants, SB INSURANCE, LLC, and/or SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY, knew or should have known Plaintiffs would rely, and which Defendants, SB INSURANCE, LLC, and/or

SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY, knew or should have known were false when made. Plaintiffs relied on such representations to their detriment, and Plaintiffs have been damaged by Defendants' SB INSURANCE, LLC's and/or SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY's conduct.

Further, Defendants, SB INSURANCE, LLC and SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY, violated the following provisions of the Texas Insurance Code, which proximately and/or were a producing cause of Plaintiffs' damages:

1. Texas Insurance Code section 541.003, which states that a person may not engage in this state in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

2. Texas Insurance Code section 541.051, by misrepresenting the terms of the policy and the benefits or advantages promised by the policy.

3. Texas Insurance Code section 541.061, which states that it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:

> (1) making an untrue statement of material fact;
> (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;
> (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;
> (4) making a material misstatement of law; or
> (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

Plaintiffs sustained actual damages by Defendants' conduct, and Plaintiffs are authorized to bring this action against Defendants to recover their damages.

V.

Defendants' conduct constitutes a breach of the insurance contract made between Defendant, WEST AMERCIAN INSURANCE COMPANY, and Plaintiffs.

Defendant WEST AMERICAN INSURANCE COMPANY's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant WEST AMERICAN INSURANCE COMPANY's insurance contract with Plaintiffs.

VI.

**Conditions Precedent**

All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

VII.

Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

Defendant WEST AMERICAN INSURANCE COMPANY's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant WEST AMERICAN INSURANCE COMPANYs' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

Defendant WEST AMERICAN INSURANCE COMPANY's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its denial of Plaintiffs' claim constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

Defendant WEST AMERICAN INSURANCE COMPANY's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

Defendant WEST AMERICAN INSURANCE COMPANY's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

VIII.

Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

Defendant WEST AMERICAN INSURANCE COMPANY's failure to timely acknowledge receipt of Plaintiffs' claim, timely commence investigation of the claim, and timely request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code §542.055.

Defendant WEST AMERICAN INSURANCE COMPANY's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

Defendant WEST AMERICAN INSURANCE COMPANY's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

IX.

Defendant WEST AMERICAN INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing Defendant, WEST AMERICAN INSURANCE COMPANY, owes to its insured in insurance contracts.

Defendant WEST AMERICAN INSURANCE COMPANY's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant, WEST AMERICAN INSURANCE COMPANY, knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

X.

Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

### XI.

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

The damages caused by water on December 25, 2022, have not been properly addressed or repaired since, causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant WEST AMERICAN INSURANCE COMPANY's mishandling of Plaintiffs' claim in violation of the laws set forth above and of Defendants SB INSURANCE, LLC's and/or SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY's material representations on which Plaintiffs relied to their detriment, and which turned to be misrepresentations.

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of their claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

By reason of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought. In accordance with Texas Rule of Civil Procedure 47, Plaintiffs seeks monetary relief over $1,000,000.00.

## RESERVATION OF RIGHTS

### XII.

Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend their petition to add additional counts and/or parties as discovery continues.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; attorney's fees; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

GOUDARZI & YOUNG, L.L.P.
3522 Fourth Street
Longview, Texas 75605
Telephone: (903) 843-2544
Facsimile: (903) 843-2026

By: _____
Marty Young
State Bar No. 24010502
Brent Goudarzi
State Bar No. 00798218

E-service: goudarziyoung@goudarzi-young.com

ATTORNEYS FOR PLAINTIFFS

Filed: 8/25/2023 2:02 PM
Marcus Carlock
District Clerk
Titus County, Texas
Sharolyn Redar

# LAW OFFICES OF
# GOUDARZI & YOUNG, LLP
goudarziyounglaw.com

J. BRENT GOUDARZI
MARTY L. YOUNG
KRISTINA PIERCE JOSEPH
THOMAS W. REARDON, JR.
KEVIN J. SIMONS
JESSICA ALLEN
R. CLAY KIMBROUGH
KEITH L. LANGSTON

3522 FOURTH STREET
LONGVIEW, TEXAS 75605
PH 903-843-2544
FAX 903-843-2026

August 25, 2023

**Via e-file**
Mr. Marcus Carlock
Titus County District Clerk
105 W. First Street
Mount Pleasant, Texas 75456

**RE:** Bates-Cooper Sloan Funeral Home, LLP and C.R.C. Partnership v. West American Insurance Company, SB Insurance, LLC, and SB Insurance, LLC d/b/a Jones Insurance Agency; In the 76th / 276th District Court of Titus County, Texas

Dear Mr. Carlock:

Please find enclosed Plaintiffs' Original Petition for filing regarding the above-referenced matter. Please prepare the following citations:

WEST AMERICAN INSURANCE COMPANY
By serving its registered agent for service of process, Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218
*(Clerk to serve* by certified mail, return receipt requested)

SB INSURANCE, LLC
By serving its registered agent for service of process, Roy Stovall
1007 North Jefferson Avenue
Mount Pleasant, Texas 75455
*(Return to G&Y for service via email to mbaker@goudarzi-young.com)*

SB INSURANCE, LLC d/b/a JONES INSURANCE AGENCY
By serving its registered agent for service of process, Roy Stovall
1007 North Jefferson Avenue
Mount Pleasant, Texas 75455
*(Return to G&Y for service via email to mbaker@goudarzi-young.com)*

Your fees are being paid via e-serve this date. Thank you for your courtesy and cooperation in this matter.

A TRUE COPY of the original hereof, I certify
MARCUS CARLOCK
District Court Clerk, Titus County, Texas
This 27th of September 2023
By _____ Deputy Clerk

August 25, 2023
Page 2

With kindest regards,

Marty Young

MY/mjb
Enc.