# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION

| | | |
|---|---|---|
| **BATES-COOPER SLOAN FUNERAL** | § | |
| **HOME, LLP and C.R.C. PARTNERSHIP** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:23cv101-RWS-JBB** |
| | § | |
| **WEST AMERICAN INSURANCE** | § | |
| **COMPANY, ET AL.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE[1]

The above-referenced case was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. §636. Before the Court is Plaintiffs' Opposed Motion to Remand (Dkt. No. 11), wherein Plaintiffs Bates-Cooper Sloan Funeral Home, LLP and C.R.C. Partnership ("Plaintiffs") argue the Court should remand this matter to the 76th/276th Judicial District Court of Titus County, Texas, because complete diversity does not exist among the parties. The removing Texas-citizen defendant, SB Insurance, LLC d/b/a Jones Insurance Agency ("SB Insurance"), maintains that removal was proper because it was improperly joined in this matter, and thus, diversity jurisdiction remains. Having considered the motion, the submissions of the parties, the pleadings, and the applicable law, the Court recommends Plaintiffs' motion be **DENIED** and that Plaintiffs' claims against SB Insurance be **DISMISSED without prejudice**.

---

[1] *See Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th. Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review.").

1

# I. **Background**

This lawsuit arises out of Plaintiffs' claim for insurance benefits under an insurance policy issued by Defendant West American Insurance Company ("West American"). Plaintiffs allege they entered into a property insurance contract ("Policy") with West American prior to December 25, 2022 and that West American denied Plaintiffs' subsequent claim for property damage loss sustained by water. *See* Dkt. No. 3 at 3-4. Plaintiffs allege West American's acts or omissions constitute (1) violations of the Texas Insurance Code, Unfair Settlement Practices § 541.060(a) and Prompt Payment of Claims § 542.055; (2) breach of contract; and (3) breach of the common law duty of good faith and fair dealing. *Id*. at 6-8.

Plaintiffs further allege they purchased the Policy from and through Defendant SB Insurance, an insurance agency in Mount Pleasant, Texas. *Id.* at 3. According to Plaintiffs, SB Insurance, as an agent of Defendant West American Insurance Companies, made material affirmative representations to Plaintiffs, that in return for Plaintiffs' insurance premium payments, Defendant West American would compensate Plaintiffs for damage or loss caused by water. *Id.*; *see also* Dkt. No. 11 at 4. Plaintiffs allege they relied on these misrepresentations to their detriment. Dkt. No. 3 at 4. Plaintiffs allege that SB Insurance's conduct violated Texas Insurance Code §§ 541.003, 541.051, and 541.061, which proximately and/or were a producing cause of Plaintiffs' damages. *Id.* at 5.

Plaintiffs originally filed this lawsuit in the 76th/276th Judicial District Court of Titus County, Texas, on August 24, 2023, styled *Bates-Cooper Sloan Funeral Home, LLP and C.R.C. Partnership v. West American Insurance Company, SB Insurance, LLC and SB Insurance LLC d/b/a Jones Insurance Agency* ("State Court Action"). On September 29, 2023, Defendant SB

Insurance timely removed the State Court Action to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting that, excluding the improperly joined Defendant SB Insurance, this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.[2] Dkt. No. 1. According to the Notice of Removal, Defendant SB Insurance was improperly joined because all allegations contained in Plaintiffs' Original Petition as they relate to SB Insurance are entirely conclusory and fail to state a cause of action under which Plaintiffs would be able to recover against SB Insurance. *Id.*, ¶ 14.

Plaintiffs timely filed their motion to remand. Dkt. No. 11. Asserting SB Insurance is a proper party to this action, Plaintiffs request the Court remand this action and award Plaintiffs attorney's fees. Defendant SB Insurance filed a response to Plaintiffs' motion to remand. Dkt. No. 12. According to SB Insurance, it simply worked with Plaintiffs in identifying an insurance policy as requested by Plaintiffs "and was wholly uninvolved in the adjustment of any property damage loss sustained by Plaintiffs." *Id.* at 2. SB Insurance asserts Plaintiffs have failed to properly articulate any alleged "misrepresentation" upon which they could base a statutory claim against SB Insurance. *Id.*

## II. <u>Applicable Law</u>

### A. **Removal jurisdiction**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the

---

[2] On October 4, 2023, Defendant West American filed its Notice of Consent to Removal. Dkt. No. 7.

party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Bell v. Texaco, Inc.,* 493 Fed. Appx. 587, 590 (5th Cir. 2012). The notice of removal must set forth a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

In removed cases where, as here, there is no federal question involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *Baird v. Sullivan*, No. 1:18-CV-357, 2019 WL 13210549, at *3 (E.D. Tex. Mar. 27, 2019) (citations omitted). Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *Id*. (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005)) (other citations omitted). "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Id*. (quoting *Uglunts v. Americare Servs., Inc.*, No. 3:12-CV-4388-D, 2013 WL 3809681, at *1 (N.D. Tex. July 23, 2013) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996))).

**B.    Improper joinder**

However, a case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was fraudulently or improperly joined. *Salazar v. Allstate Texas Lloyd's, Inc*., 455 F.3d 571, 574 (5th Cir. 2006).  Ultimately, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573 (5th Cir. 2004). There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citing *Travis v. Irby*, 326 F.3d

4

644, 646-647 (5th Cir. 2003)). When dealing with the second way, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

A district court faced with this problem has one of two ways to solve these issues: conduct a 12(b)(6)-type analysis or pierce the pleadings and conduct a summary analysis. *Id.* However, "any piercing of the pleadings should not entail substantial hearings." *Id.* at 574. "While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, [the Fifth Circuit] caution[s] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74.  In this inquiry, the motive or purpose of the joinder is not relevant. *Id.* at 574. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of a claim against the in-state defendant alleged to be improperly joined."  *Id.*

Federal pleading standards are used when testing for improper joinder. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 818 F.3d 193, 203 (5th Cir. 2016)). "To pass muster under Rule 12(b)(6), [a] complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Id.* at 200 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014)) (internal quotations omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

**C.    Motion to remand**

Twenty-eight U.S.C. § 1447(c) provides two grounds for remand: (1) a defect in removal procedure, and (2) lack of subject matter jurisdiction. *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 303 (5th Cir. 1993).  When considering a motion to remand, the removing party bears the burden of showing that removal was proper. *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 365 (5th Cir.1995). The burden of persuasion on the party asserting the improper joinder is a "heavy one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

"[T]he existence of even a single valid cause of action against the in-state defendant (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 & n.11 (5th Cir. 2004). When ruling on a motion to remand, the district court must consider the allegations in plaintiff's initial state-court petition, rather than an amended complaint filed in district court. *Alviar v. Lillard*, 854 F.3d 286, 290 n.1 (5th Cir. 2017); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.").

Finally, "because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns," the removal statute is therefore, to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Carpenter*, 44 F.3d at 365–66; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

## III.  <u>Discussion</u>

**A.**    **The Court cannot reasonably predict that Plaintiffs can recover against non-diverse Defendant SB Insurance for violations of the Texas Insurance Code**

It is undisputed that Plaintiffs, Texas citizens, and Defendant West American have diversity of citizenship. *See* Dkt. No. 3 (Plaintiffs' Orig. Pet.) at 2; Dkt. No. 7 (West American's Notice of Consent to Removal) at 1.[3] In its Notice of Removal, Defendant SB Insurance, also a citizen of Texas, asserted there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover under Texas law against it so it was improperly joined,[4] and thus, could not be considered for diversity purposes. Dkt. No. 1. Plaintiffs, however, moved to remand this case, claiming SB Insurance was properly joined, and as a result, Plaintiffs and Defendants are not completely diverse. Dkt. No. 11. Thus, the Court must determine whether the non-diverse Defendant SB Insurance was properly joined, that is, "whether there is any claim for which there is a reasonable basis to predict a favorable outcome" against SB Insurance.[5] *Sargent v. Safeco Ins. Co. of Indiana*, No. CIV.A. H-10-4252, 2011 WL 819492, at *4 (S.D. Tex. Mar. 2, 2011).

Here, in their state court petition, Plaintiffs seek damages against SB Insurance for violations of §§ 541.003, 541.051, and 541.061of the Texas Insurance Code. Chapter 541 of the Texas Insurance Code governs "Unfair Methods of Competition and Unfair or Deceptive Acts or

---

[3] West American is a corporation organized under the laws of the State of Indiana, with its principal place of business in Boston, Massachusetts. Thus, for diversity purposes, West American is a citizen of both Indiana and Massachusetts.

[4] Although there is no substantive difference between the terms "fraudulent joinder" and "improper joinder," the Fifth Circuit has adopted the term "improper joinder" as being more consistent with the statutory language.  *Smallwood v. Illinois Cent. R.R*., 385 F.3d 568, 571 n. 1 (5th Cir. 2004).

[5] A "reasonable basis" means more than a mere hypothetical basis. *Moreno Energy, Inc. v. Marathon Oil Co*., 884 F. Supp. 2d 577, 580 (S.D. Tex. 2012) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir.1999) ("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery")).

Practices."[6] *SC Shine PLLC v. Aetna Dental, Inc*., No. SA-22-CV-0834-JKP, 2023 WL 4216989, at *11 (W.D. Tex. June 26, 2023). Section 541.003 of the Texas Insurance Code provides that "[a] person may not engage in . . . an unfair or deceptive act in the business of insurance." TEX. INS. CODE § 541.003. A "person" is defined as "an individual, corporation, association, partnership. . . engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." TEX. INS. CODE § 541.002(2).

"Texas courts have recently recognized that the statutory language is broad enough to permit in the appropriate circumstances a cause of action against an insurance agent who engages in unfair or deceptive acts or practices." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Specifically, Texas courts have acknowledged that an insurance sales agent may be held liable under Chapter 541 when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation causes the insured to incur damages. *Id.* (citing *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc*., 966 S.W.2d 482 (Tex.1998) (agent misrepresented the amount of premium due under the policy) and *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex.App.—Austin 1991, no writ) (agent misrepresented that damage to home from mudslide was covered under homeowner's policy)).

"To state a valid claim under the Texas Insurance Code [§ 541.051], a plaintiff must show that (1) a misrepresentation was made, issued or circulated (2) with regard to either (i) the Policy's terms, or (ii) its benefits or advantages. *Teresa Castilleja v. United of Omaha Life Ins. Co., et al.*,

---

[6] This chapter replaced Article 21.21 of the Texas Insurance Code, and "cases interpreting Article 21.21 are relevant to Chapter 541 claims." *SC Shine PLLC v. Aetna Dental, Inc*., No. SA-22-CV-0834-JKP, 2023 WL 4216989, at *11 (W.D. Tex. June 26, 2023) (citations omitted).

No. SA-23-CV-01308-XR, 2024 WL 994669, at *4 (W.D. Tex. Mar. 7, 2024) (citing *Miller v. Allstate Texas Lloyd's*, No. CV H-17-1684, 2017 WL 3335997, at *4 (S.D. Tex. Aug. 4, 2017) (citing TEX. INS. CODE § 541.051(1)(a)–(b))). In addition, under § 541.061:

> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance *to misrepresent an insurance policy* by: (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

*Id.* at *4-5 (quoting TEX. INS. CODE § 541.061) (emphasis added in *Castilleja*).

The general rule is that in the absence of an affirmative misrepresentation, a mistaken belief about the scope of coverage is not actionable under the DTPA or the Texas Insurance Code.[7] *Manion v. Sec. Nat. Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, at *2 (Tex. App. – Corpus Christi-Edinburg Aug. 15, 2002, no pet.) (citing *Sledge v. Mullin*, 927 S.W.2d 89, 94 (Tex.App.—Fort Worth 1996, no writ)). However, when "an insurer or agent does more than represent that a policy provides full coverage—such as representing that coverage exists in a specific situation—the insurer or agent may be liable for a misrepresentation under the DTPA." *Finger Oil & Gas, Inc. v. Mid-Continent Cas. Co.*, No. 22-50432, 2023 WL 581650, at *3 (5th Cir. Jan. 27, 2023) (citing *Wyly v. Integrity Ins. Sols.*, 502 S.W.3d 901, 908 (Tex. App. – Houstin [14th Dist.] 2016, no pet.) (upholding misrepresentation claim where insurer told insured that policy provided coverage from "loading to unloading" and that the insured would be covered under several scenarios posed

---

[7] The Texas Insurance Code and the DTPA overlap to provide additional avenues to relief for insureds. *Megalomedia, Inc. v. Philadelphia Indem. Ins. Co.*, No. 4:20-CV-01644, 2023 WL 6316173, at *9 (S.D. Tex. Sept. 28, 2023).

by the insured)); *see also New World Baptist Church, L.L.C. v. Nationwide Prop. & Cas. Ins. Co.*, No. SA-17-CV-00187-XR, 2017 WL 2063012, at *3 (W.D. Tex. May 12, 2017) ("The misrepresentations that the complaint attributes to [the insurance agent] specifically address the comprehensive nature of the wind and hail coverage provided by the specific wind and hail provisions of the Policy. As such, these are actionable representations of material fact.").

To be liable under the Texas Insurance Code, the insurance agent defendants themselves must "have committed some act that is prohibited by the section," rather than just be connected to the insurance defendant's denial of coverage. *Malone v. Blue Cross & Blue Shield of Texas, Inc.*, No. 3:18-CV-2757-K, 2019 WL 7987110, at *6 (N.D. Tex. Apr. 8, 2019) (citing *Messersmith v. Nationwide Mut. Fire Ins. Co*., 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.)). For example, in *Griggs*, the plaintiff alleged merely that "'Defendants [sic], through its local agent, [non-diverse defendant] Lark Blum issued an insurance policy.'" *Griggs*, 181 F.3d at 699. The Fifth Circuit held that Blum's alleged "pre-purchase statements that State Farm Lloyds would handle Griggs' claims professionally, as well as her post-claim assurances that she would monitor the progress of Griggs' claim, [were] more in the nature of non-actionable puffery than actionable representations of specific material fact." *Id*. at 701. Noting Griggs claimed to have been injured by State Farm Lloyds' failure to pay his claim, the Fifth Circuit distinguished the case from *Garrison* and *Gros*, two Texas cases in which the plaintiff identified a particular misrepresentation as to a specific policy term made by a sales agent which was causally connected to the damages sustained. *Id*. at 701-02.

Here, Plaintiffs assert SB Insurance, as an agent of Defendant West American Insurance Companies, made material affirmative misrepresentations to Plaintiffs, that in return for Plaintiffs'

insurance premium payments, Defendant West American would compensate Plaintiffs for "loss or damage to Plaintiffs' property . . . caused by water." Dkt. No. 3 at 3; *see also* Dkt. No. 11 at 4. According to Plaintiffs, SB Insurance accepted compensation from Plaintiffs in exchange for procurement of the Policy, made a profit from Plaintiffs by selling Plaintiffs the Policy, knew or should have known Plaintiffs would rely on the material representations made by SB Insurance, and/or knew or should have known those material representations were false when made. Dkt. No. 3 at 4-5. Plaintiffs allege they relied on these misrepresentations to their detriment. *Id.* at 4; *see also id.* at 9.

Plaintiffs' allegations that SB Insurance made affirmative representations that Plaintiffs "would be compensated for damage or loss caused by water," Dkt. No. 3 at 4, is not specific enough to go beyond the "non-actionable puffery" described in *Griggs. See Griggs*, 181 F.3d at 701 (statement that the claim would be handled "professionally" was not specific enough to be actionable). The Court finds SB Insurance's alleged statements do not amount to an actionable misrepresentation that coverage exists in a specific situation. *See Manion*, 2002 WL 34230861, *2 (finding there was no affirmative misrepresentation about flood coverage where the insurance agent referred to the standard homeowner's policy as "full coverage," without more).

Additionally, SB Insurance persuasively argues Plaintiffs' Texas Insurance Code violation claims also "fail because they do not satisfy the heightened requirements under Rule 9(b)."[8] Dkt. No. 12 at 6-7. SB Insurance asserts Plaintiffs fail to identify who made the alleged affirmative representations, when the alleged representations were made, and where the alleged

---

[8] Plaintiffs, having failed to file a reply, simply state in their motion to remand that "Plaintiffs' Original Petition is subject to Texas pleading standards." Dkt. No. 11 at 3.

representations were made, and "Plaintiffs do not actually articulate what exact representations were made upon which they purport to base their claims against SB Insurance." *Id*. at 7.

The Fifth Circuit has demonstrated its willingness to apply Rule 9(b) in the improper joinder analysis given that any dismissal under this review would be without prejudice. *Jackson v. Meridian Sec. Ins. Co.*, No. A-22-CV-00357-RP, 2022 WL 2383937, at \*4 (W.D. Tex. June 30, 2022), *report and recommendation adopted*, No. 1:22-CV-357-RP, 2022 WL 17732690 (W.D. Tex. Aug. 24, 2022) (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 203 (5th Cir. 2016) (stating that 12(b)(6)-type analysis for improper joinder "incorporates both" Rule 8 and Rule 9)); *see also Int'l Energy*, 818 F.3d at nn. 25, 50 (stating dismissal in the context of improper joinder is "without prejudice"). Yet while the Fifth Circuit has instructed that Rule 9(b) applies to claims "based on the same set of alleged facts" as a fraud claim, it has also stated that "where averments of fraud are made in a claim in which fraud is not an element, an inadequate averment of fraud does not mean that no claim has been stated" because the court may disregard averments of fraud, and nonetheless find that a claim has been stated. *Id*. (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp*., 343 F.3d 719, 723 (5th Cir.), *opinion modified on denial of reh'g*, 355 F.3d 356 (5th Cir. 2003); also citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).

Courts within this district have held that "[c]laims alleging violations of the Texas Insurance Code . . . are subject to the requirements of Rule 9(b)." *B&L Env't v. Travelers Lloyds Ins. Co.*, No. 1:22-CV-00083-MJT-ZJH, 2022 WL 17542915, at \*9 (E.D. Tex. Nov. 17, 2022), *report and recommendation adopted sub nom*., 2022 WL 17540785 (E.D. Tex. Dec. 7, 2022), *opinion vacated and superseded*, 2022 WL 20209824 (E.D. Tex. Dec. 30, 2022), and *report and*

*recommendation adopted sub nom*., 2022 WL 20209824 (E.D. Tex. Dec. 30, 2022) (citation omitted); *see also Carr Enters. Inc. v. Acadia Ins. Co*., No. 6:20-cv-00129, 2022 WL 965031, at *3 (E.D. Tex. Mar. 30, 2022) (citing *Frith v. Guardian Life Ins. Co. of Am*., 9 F.Supp.2d 734, 742 (S.D.Tex.1998)). Notably, some courts within the Fifth Circuit have specifically held that Rule 9(b) applies to alleged violations of §§ 541.051 and 541.061 of the Texas Insurance Code (the specific provisions at issue in this case), because those violations result from alleged misrepresentations of the policy terms on which the plaintiffs relied. *See Williams v. Metro. Life Ins. Co*., 633 F. Supp. 3d 902, 913 (S.D. Tex. 2022); *see also Howley v. Bankers Standard Ins. Co.*, No. 3:19-CV-2477-L, 2021 WL 913290, at *15 (N.D. Tex. Mar. 10, 2021) (stating the plaintiff's claim under § 541.061 was grounded in fraud by omission as opposed to negligence and Rule 9(b)'s heightened pleading standard applied) (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc*., 238 F.3d 363, 368 (5th Cir. 2001) (explaining that "whe[n] averments of fraud are made in a claim in which fraud is not an element," Rule 9(b) applies)); *see also Go Green Botanicals, Inc. v. Drexler Ins. Servs., L.L.C*., No. 5:22-CV-373-XR, 2022 WL 2286961, at *5 (W.D. Tex. June 23, 2022) ("At a minimum, this allegation fails to identify when and where the misrepresentation occurred in accordance with Rule 9(b)."); *see also Jones v. Higginbotham Ins. Agency, Inc*., No. 1:22-CV-890-JRN, 2023 WL 5211041, at *5 (W.D. Tex. July 27, 2023) ("Jones's Section 541 claim against Higginbotham is insufficient under Rule 8(a) or 9(b) because it does not even go so far as to provide a threadbare recital of elements much less meet the fraud claim requirement to state the

'who, what, when, where, and how.'") (footnote omitted), *report and recommendation adopted*, No. A-22-CV-00890-JRN, 2023 WL 5216810 (W.D. Tex. Aug. 14, 2023).[9]

Similarly here, the Court finds Rule 9(b) applies. Thus, "[t]o state claims for misrepresentation or fraud in violation of the Texas Insurance Code, Plaintiffs must meet the 'who, what, when, where, and how' requirements of [Rule] 9(b)." *Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, No. 20-40571, 2021 WL 4269565, at *5 (5th Cir. Sept. 20, 2021). Plaintiffs' allegations do not satisfy Rule 9(b) because Plaintiffs do not allege when or where the alleged misrepresentation was made. *See Howley*, 2021 WL 913290, at *16. Plaintiffs also fail to allege who at SB Insurance made the alleged misrepresentation. *Id.*

In sum, Plaintiffs' state court petition is devoid of non-conclusory, factual allegations that support its misrepresentation claim under Texas Insurance Code §§ 541.051 and 541.061. Thus, based on the conclusory allegations provided by Plaintiffs, the undersigned finds it cannot reasonably predict that Plaintiffs can recover against non-diverse defendant SB Insurance for violations of the Texas Insurance Code. *See Helayas Logistics L.L.C. v. Stineman*, No. 4:20-CV-210, 2020 WL 1939187, at *5 (E.D. Tex. Apr. 22, 2020).

---

[9] In other cases, courts have held claims under the Texas Insurance Code are not subject to the heightened pleading standard of Rule 9(b). The Northern District of Texas held in *Abbey* that "Rule 9(b)'s stringent pleading requirements should not be extended to causes of action not enumerated therein." *Abbey on Preston H.O.A. v. Admiral Insurance Company*, No. 3:13-CV-0102-N, 2013 WL 12137742, at *2 (N.D. Tex. July 29, 2013) (quoting *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 668 (5th Cir. 2004) and citing *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396–97 (5th Cir. 2005)). Relying on *Abbey*, the court in *Recovery Resource* held that although misrepresentation was an element of the plaintiff's Texas Insurance Code and DTPA claims, fraud was not. *Recovery Res. Couns. v. ACE Am. Ins. Co.*, No. 3:17-CV-2787-N, 2018 WL 3548912, at *3 (N.D. Tex. July 24, 2018). Therefore, the court held that Rule 9(b) did not govern the claims. *Id.* (citing *Abbey*, 2013 WL 12137742, at *2; also citing *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 609 (N.D. Tex. 2006) (declining to apply Rule 9(b) where plaintiff did not allege fraud)).

Once a court determines that a non-diverse defendant is improperly joined, that defendant's citizenship may not be considered for purposes of diversity jurisdiction, and that defendant must be dismissed without prejudice. *In re N&W Marine Towing, L.L.C.*, No. 23-30112, 2024 WL 77475, at *5 (5th Cir. Jan. 8, 2024) (citing *Int'l Energy*, 818 F.3d at 209). Having determined that SB Insurance was improperly joined, the Court considers only the citizenship of the properly joined state court petition defendant. Because West American is diverse from Plaintiffs, removal based on diversity jurisdiction is permitted. Therefore, the undersigned recommends Plaintiffs' motion to remand be denied and that Defendant SB Insurance be dismissed without prejudice.

**B.    Plaintiffs are not entitled to attorney's fees**

Plaintiffs additionally argue that the Court, under 28 U.S.C. § 1447(c), should award them "attorney's fees as costs for the wrongful removal of this action." Dkt. No. 11 at 1. Because the undersigned declines to recommend this action be remanded to state court, Plaintiffs are not entitled to these costs, expenses, and attorneys' fees as a matter of law. *Bermudez v. Indem. Ins. Co. of N. Am.*, No. 4:20-CV-538, 2020 WL 5544561, at *4 (E.D. Tex. Sept. 16, 2020).

## VI.  <u>Recommendation</u>

Based on the foregoing, it is

**RECOMMENDED** that Plaintiffs' Opposed Motion to Remand (Dkt. No. 11) be **DENIED**. It is further

**RECOMMENDED** that Plaintiffs' claims against Defendant SB Insurance, LLC d/b/a Jones Insurance Agency be **DISMISSED without prejudice**.

<u>Objections</u>

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 28th day of March, 2024.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE